[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14420

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

TAMARA JEUNE,
a.k.a. Tamara Voltaire,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20684-RNS-1

—————————————

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Tamara Jeune appeals her convictions following remand for resentencing on multiple tax-fraud offenses.  She contends that the district court abused its discretion in admitting evidence of a prior tax-fraud conviction under Rule 404(b), Fed. R. Evid., and by permitting the government to make impermissible propensity arguments at trial.  But we rejected these exact arguments in her first appeal, and our decision is law of the case here.  So we affirm.

## I.

Jeune's convictions stem from a 2018 indictment alleging that she operated a tax-fraud scheme through her tax-preparation business from 2011 to 2016.  Jeune entered a plea of not guilty and stood trial.  In support of its case at trial, the government introduced evidence of Jeune's conviction of tax fraud in 2009 and the facts underlying the conviction, and it referenced those facts in its opening and closing statements.  The district court admitted the evidence under Rule 404(b), over Jeune's objections, as relevant to show intent.  A jury convicted Jeune of five counts, and the district court sentenced her to a total of 180 months of imprisonment.

On appeal, Jeune challenged the admission of the prior-conviction evidence under Rule 404(b) and the government's use of that evidence in opening and closing statements.  After holding oral

argument, a majority of the panel rejected these challenges and affirmed her convictions. *United States v. Jeune*, No. 19-13018, 2021 WL 3716406, at *7–9, *14 (11th Cir. Aug. 23, 2021). We held that the prior-conviction evidence was "relevant under Rule 404(b) to show intent, identity, knowledge, and absence of mistake," and that its probative value was not substantially outweighed by any undue prejudicial effect, which was mitigated by appropriate jury instructions. *Id.* at *7–8. In addition, while we found that the government made impermissible propensity arguments in its opening and closing statements, we concluded that plain-error review applied to that issue and that Jeune had not established plain error. *Id.* at *9–10. A dissenting judge would have held that, while some of the challenged evidence was admissible, the government's presentation of the evidence "went too far" and, when viewed in conjunction with its opening and closing statements, violated Rule 404's prohibition on propensity evidence. *Id.* at *21–23.

Although we affirmed Jeune's convictions, we vacated the sentence for unrelated reasons and remanded for resentencing. *Id.* at *19. On remand, the district court resentenced Jeune to a total of 132 months of imprisonment, and Jeune again appeals.

## II.

On appeal, Jeune does not raise any issue arising out of her resentencing. Instead, she again seeks to reverse her convictions, reviving her arguments against the admission of the prior-conviction evidence and the government's use of that evidence in opening and closing statements. But we considered and rejected these

challenges in detail in our opinion affirming Jeune's convictions, and we see no basis to reconsider our rulings.

It is well established that "an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). In particular, "findings of fact and conclusions of law decided on [a] first appeal are binding and constitute the law of the case in all subsequent proceedings." *United States v. Anderson*, 772 F.3d 662, 669 (11th Cir. 2014). The law-of-the-case doctrine is "self-imposed by the courts and operates to create efficiency, finality and obedience within the judicial system." *Id.* at 668 (cleaned up). The doctrine has "limited exceptions," including "where there is new evidence, an intervening change in controlling law dictates a different result, or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous." *Id.* at 668–69 (cleaned up).

Here, Jeune is barred by law of the case from relitigating her challenge to the admission and use of the prior-conviction evidence at her trial. In affirming her convictions in the first appeal, we considered and rejected her arguments in detail, holding that the district court did not abuse its discretion by admitting the evidence under Rule 404(b), and that the government's improper propensity arguments in opening and closing statements did not warrant reversal of the conviction on plain-error review. *See Jeune*, 2021 WL 3716406, at *7–10.

While Jeune believes that the panel majority was wrong and that the dissent was correct, she has fallen well short of showing

21-14420                 Opinion of the Court                         5

that the prior decision was so clearly erroneous and manifestly unjust that it would warrant giving Jeune "two bites at the appellate apple." *Escobar-Urrego*, 110 F.3d at 1560 (quotation marks omitted).

For these reasons, we affirm Jeune's convictions and resulting sentence.

**AFFIRMED.**